United States District Court
Southern District of Texas
**ENTERED**
July 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN O'NEAL RICHARDSON, TDCJ #1619900, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-1060 |
| OFFICER M. GREEN, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Brian O'Neal Richardson (TDCJ #1669900), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against a correctional officer formerly employed by the Texas Department of Criminal Justice ("TDCJ"). Because Richardson is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Richardson is presently incarcerated by TDCJ at the Jester III Unit in Richmond.[1] Richardson sues Officer M. Green, who was reportedly fired by TDCJ from his job as a prison guard at the Jester III facility.[2] Exhibits included with the Complaint show that Richardson filed a Step 1 Grievance stating that on May 14, 2020, Officer Green opened his pants while in the picket and made a "grabbing motion of his penis" while telling Richardson that he could "suck it."[3] After his Step 1 Grievance was denied for insufficient evidence on June 24, 2020,[4] Richardson filed a Step 2 Grievance on July 3, 2020.[5] In a response dated August 6, 2020, administrative officials found that Richardson's allegations were "substantiated" and advised him that "corrective action" had been taken.[6]

In a Complaint that is dated February 1, 2023, Richardson

---

[1] Complaint, Docket Entry No. 1, p. 3. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2] Id. at 8, 9.

[3] Step 1 Grievance No. 2020121740, attached to Complaint, Docket Entry No. 1, p. 6.

[4] Id. at 7.

[5] Step 2 Grievance No. 2020121740, attached to Complaint, Docket Entry No. 1, pp. 4-5.

[6] Id. at 5.

accuses Green of "sexual harassment."[7] Invoking 42 U.S.C. § 1983, Richardson now seeks $2 million in compensatory damages for the violation of his civil rights.[8]

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires federal district courts to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998)(summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015)(discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007))(alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728,

---

[7]Complaint, Docket Entry No. 1, pp. 8, 9.

[8]Id. at 8.

1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999)(citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998)(citation omitted). In conducting this review the court is mindful that the plaintiff's pro se pleadings are subject to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972)(per curiam).

### III. Discussion

#### A. The Complaint is Untimely

Civil rights claims under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); see also Redburn v. City of Victoria, 898 F.3d 486, 496 (5th Cir. 2018). A Texas prisoner has two years from the time that his claims accrued to file a civil rights complaint. See Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998). A claim generally accrues "the moment

the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" by actions attributable to the defendant. Piotrowski, 237 F.3d at 576 (internal quotation marks and citations omitted).

Grievances incorporated into the Complaint reflect that Richardson was aware of his claims no later than May 14, 2020, when he reported the incident involving Officer Green to prison administrative officials.[9] The Complaint, which was filed nearly three years after that date, is well outside the two-year statute of limitations period.[10] Because Richardson's claims are untimely, this case will be dismissed as frivolous. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam) ("[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" as frivolous.). Alternatively, the Complaint fails to state a claim for additional reasons set forth briefly below.

---

[9]Step 1 Grievance No. 2020121740, attached to Complaint, Docket Entry No. 1, pp. 6-7.

[10]The Complaint in this case was received for filing and date stamped by the Clerk's Office on March 15, 2023. See Complaint, Docket Entry No. 1, p. 1. The envelope is post-marked March 13, 2023. See id. at 10. A prisoner's pro se pleadings are considered filed under the prison mailbox rule on the date they are delivered to prison authorities for filing. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998). Using the date most favorable to the plaintiff, the court treats the day that he signed the Complaint, February 1, 2023, as the date it was filed. See Complaint, Docket Entry No. 1, p. 9.

**B.      The Claims are Without Merit and Barred by the PLRA**

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021) (citation omitted). Viewing all of the allegations in the light most favorable to Richardson, he alleges, at most, lewd behavior and offensive remarks by Officer Green.[11] The Fifth Circuit has held that verbal remarks or threats against an inmate by a guard do not amount to a constitutional violation and are not actionable under 42 U.S.C. § 1983. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); see also Larson v. Westbrook, 799 F. App'x 263, 264 (5th Cir. 2020) (per curiam) (holding that "verbal threats and threatening gestures, standing alone, do not amount to a constitutional violation") (citations omitted).

In addition, the PLRA precludes an action by a prisoner for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Richardson does not allege that he suffered any physical harm as a result of Officer Green's conduct.

---

[11]Complaint, Docket Entry No. 1, p. 4.

Nor does he describe a sexual act as that term is defined in 18 U.S.C. § 2246(2). As a result, the PLRA precludes his claim for compensatory damages. See <u>Alexander v. Tippah County, Miss.</u>, 351 F.3d 626, 631 (5th Cir. 2003) (per curiam). Accordingly, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 filed by Brian O'Neal Richardson (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous and for failure to state a claim upon which relief may be granted.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 20th day of July, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-7-